MILLER, Appellant,

v.

CORDRAY, Atty. Gen., et al., Appellees.

[Cite as *Miller v. Cordray,* 184 Ohio App.3d 754, 2009-Ohio-3617.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 08AP–1016.

Decided July 23, 2009.

Yeura R. Venters, Franklin County Public Defender, and David L. Strait and William Safford, Assistant Public Defenders, for appellant.

Richard Cordray, Attorney General, and Tara L. Paciorek, Assistant Attorney General, for appellee.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor and Mary J. Martin, Assistant Prosecuting Attorneys, for appellees Ron O'Brien and James A. Karnes.

McGrath, Judge.

{¶ 1} Plaintiff-appellant, Jerry D. Miller, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for summary judgment and granting summary judgment in favor of defendants-appellees, Ohio Attorney General Nancy H. Rogers ("Rogers"),[1] Franklin County Prosecutor Ron O'Brien, and Franklin County Sheriff James A. Karnes, collectively referred to as "appellees."

{¶ 2} The parties filed with the trial court a stipulated statement of material facts for purposes of their motions for summary judgment. According to those stipulated facts, on December 22, 1994, appellant was convicted in the 13th

---

1. The complaint originally named Nancy H. Rogers, who has since been succeeded by Richard Cordray.

Judicial Circuit Court of LaSalle County, Illinois, of aggravated criminal sexual abuse, a violation of Chapter 720, Section 5/12–16(c)(1)(i) of the Illinois State Criminal Code.[2] (Nov. 7, 2008 Corrected Stipulations.) Appellant moved to Ohio prior to 2007 and has lived in Ohio continuously since that time. Appellant did not register with Karnes or any other Ohio sheriff, verify his address, or provide notice of a change of address, at any time subsequent to his arrival in Ohio. Appellant did not receive a letter from Rogers or her predecessors notifying him of reclassification as a tiered sex offender under Senate Bill 10 ("S.B. 10"). Appellant was not reclassified by Rogers or her predecessors as a tiered sex offender under S.B. 10.

{¶ 3} On July 24, 2008, appellant was indicted on one count of failure to register as required by R.C. 2950.04 "from on or about April 19, 2001 to July 18, 2008." On September 22, 2008, appellant entered a plea of guilty to the stipulated lesser-included offense of attempted failure to register.

{¶ 4} On October 16, 2008, appellant filed a complaint for declaratory judgment, seeking a declaration that he is not subject to the requirements and sanctions of R.C. Chapter 2950, as amended by S.B. 10. Appellant also sought preliminary and permanent injunctive relief. On October 29, 2008, appellant filed a motion for summary judgment. As is pertinent to this appeal, appellant argued in that motion that (1) by operation of law he is not a sex offender because his out-of-state conviction is not substantially equivalent to an Ohio sexually oriented offense, (2) there is no existing authority under which he can lawfully be reclassified as a tiered sex offender, and (3) by operation of law, he has no duty to register. Appellees filed cross-motions for summary judgment, and the parties fully briefed the matter.

{¶ 5} On November 10, 2008, the trial court issued a decision granting appellees' motions for summary judgment. The trial court found that appellant's out-of-state conviction was substantially equivalent to the Ohio offense of gross sexual imposition, which pursuant to R.C. 2950.01 is a sexually oriented offense. The trial court further found that the reclassification and registration requirements were applicable to appellant.

{¶ 6} Appellant timely appealed and brings the following three assignments of error for our review:

FIRST ASSIGNMENT OF ERROR

---

2.  The Illinois indictment alleged that appellant, "who was 17 years or age or over, knowingly committed and [sic] act of sexual conduct with [victim] who was under 13 years of age when the act was committed, in that [appellant] knowingly fondled the sex organ of [victim] for the purpose of the sexual arousal of [appellant]." Appellant was sentenced to 180 days in jail and four years' probation. Appellant was also found to be a "Child Sex Offender subject to the provisions of the Child Sex Offender Registration Act."

The trial court erred in holding that Appellant's Illinois conviction is substantially equivalent to R.C. 2907.05(A)(4), and thus finding Appellant to have committed a "sexually oriented offense," as defined by R.C. 2950.01(A)(11).

SECOND ASSIGNMENT OF ERROR

The trial court erred in holding that R.C. 2950.031(B) authorizes the Ohio attorney general to reclassify an offender who has never registered as a sex offender in Ohio, and thus finding Appellant to be subject to reclassification as a tiered offender.

THIRD ASSIGNMENT OF ERROR

The trial court erred in holding that R.C. 2950.07(A)(8) operates to subject Appellant to any ongoing duty to provide notice of address changes or periodically verify his address, and in rejecting, by implication or by omission, Appellant's assertion that the duties to provide notice and verify, under R.C. 2950.05 and 2950.06, cannot be applied to an offender who has never registered as a sex offender in Ohio.

{¶ 7} This matter was decided in the trial court by summary judgment, which under Civ.R. 56(C) may be granted only when there remains no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. *Tokles & Son, Inc. v. Midwestern Indemn. Co.* (1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46. Additionally, a moving party cannot discharge its burden under Civ.R. 56 simply by making conclusory assertions that the nonmoving party has no evidence to prove its case. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Rather, the moving party must point to some evidence that affirmatively demonstrates that the nonmoving party has no evidence to support his or her claims. Id.

{¶ 8} An appellate court's review of summary judgment is de novo. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265; *Bard v. Soc. Natl. Bank* (Sept. 10, 1998), 10th Dist. No. 97APE11–1497, 1998 WL 598092. Thus, we conduct an independent review of the record and stand in the shoes of the trial court. *Jones v. Shelly Co.* (1995), 106 Ohio App.3d 440, 445, 666 N.E.2d 316. As such, we must affirm the trial court's judgment if any of the grounds raised by the movant at the trial court are found to support it, even if the trial court failed to consider those grounds. See *Dresher*, 75 Ohio St.3d 280, 662 N.E.2d 264; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41–42, 654 N.E.2d 1327.

{¶ 9} The core issue before us is whether the Illinois statute under which appellant was convicted is substantially equivalent to Ohio's gross-sexual-imposi-

tion statute such that upon moving into this state, appellant was required to register as a sex offender pursuant to R.C. Chapter 2950. Under his first assigned error, appellant contends that the statutes are not substantially equivalent.

{¶ 10} Prior to the imposition of the Adam Walsh Act, implemented by S.B. 10, trial courts were required to determine whether sex offenders fell into one of three classifications: (1) sexually oriented offenders, (2) habitual sexual offenders, or (3) sexual predators. Effective January 1, 2008, S.B. 10 abolished the prior sex-offender classifications, and now, under S.B. 10, depending on the sex offense committed, an offender is considered a Tier I, Tier II, or Tier III offender. Trial courts no longer have discretion in imposing a certain classification on an offender; rather, an offender's classification is based solely on the offense of which he or she was convicted and the number of convictions.

{¶ 11} R.C. Chapter 2950 imposes a duty to register on a person who was convicted of or pleaded guilty to a sexually oriented offense in another jurisdiction if that person has a duty to register as a sex offender under the law of the other jurisdiction. R.C. 2950.04(A)(4). Pursuant to R.C. 2950.01(A)(11), a sexually oriented offense includes offenses committed in other jurisdictions that are "substantially equivalent to any offense listed in division (A)(1), (2), (3), (4), (5), (6), (7), (8), (9), or (10)" of R.C. 2950.01.

{¶ 12} It is conceded that appellant was required to register as a sex offender in Illinois and that he did in fact register with Illinois authorities at least once subsequent to his conviction. Additionally, the parties agree that the Illinois offense of which appellant was convicted is to be compared to the Ohio offense of gross sexual imposition ("GSI") against a child under 13 years of age as codified in R.C. 2907.05, which states:

(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

* * *

(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.

{¶ 13} The Illinois statute giving rise to appellant's conviction of aggravated criminal sexual abuse is codified in Section 720 ILCS 5/12–16. That provision prohibits a person 17 years of age or over from committing "an act of sexual conduct with a victim who was under 13 years of age when the act was committed." Section 720 ILCS 5/12–16(c). Pursuant to Section 720 ILCS 5/12–12(e), " 'Sexual conduct' means any intentional or knowing touching or fondling by

the victim or the accused, either directly or through clothing, of the sex organs, anus or breast of the victim or the accused, or any part of the body of a child under 13 years of age, or any transfer or transmission of semen by the accused upon any part of the clothed or unclothed body of the victim, for the purpose of sexual gratification or arousal of the victim or the accused."

{¶ 14} According to appellant, the nonspousal relationship between the offender and the victim is an element of Ohio's GSI offense, but not an element in the Illinois statute. Because Illinois does not impose a nonspousal requirement, appellant contends that the two offenses at issue are not substantially equivalent. In contrast, appellees contend that what appellant is suggesting is a strict- or identical-equivalence standard rather than a standard of substantial equivalence as R.C. 2950.04 requires. We agree with appellees.

{¶ 15} By the phrase's plain and ordinary meaning, "substantial equivalence" does not contemplate identical or even strict equivalence and presumes potential differences. We are not persuaded by appellant's argument that because the Illinois statute does not impose a nonspousal requirement, the two statutes are not substantially equivalent, because pursuant to both Illinois and Ohio law, persons under the age of 13 are not permitted to marry. See Section 750 ILCS 5/203; R.C. 3101.01(A). Because under both Ohio and Illinois state law, it is a legal impossibility for a 13–year–old victim to be married, the fact that the Illinois statute does not contain a nonspousal requirement is not enough in this case to render it not substantially equivalent to the Ohio offense of GSI against a child under the age of 13.

{¶ 16} Appellant suggests that by accepting this position, the state will be relieved of its burden of proof as to the nonspousal nature of the offender-victim relationship in *every* prosecution under R.C. 2907.05(A)(4). (Emphasis sic.) This is clearly not accurate, however, as our review is limited to determining whether or not appellant's out-of-state conviction is substantially equivalent to the Ohio offense of GSI against a child under 13 years of age such that the out-of-state conviction constitutes a sexually oriented offense for purposes of R.C. Chapter 2950.

{¶ 17} Appellant next contends under this assigned error that there is a difference between the culpability requirements sufficient to foreclose substantial equivalence. According to appellant, the Illinois statute does not require any demonstration of mental culpability with respect to the victim's age, while the Ohio statute requires a showing of recklessness. R.C. 2907.05(A)(4) does not require knowledge of the victim's age, as that provision prohibits sexual contact with a person who is under 13 years of age, "whether or not the offender knows the age of that person." Because no express state of mind is provided, appellant contends that recklessness is the required mental state.

{¶ 18} The Illinois statute does not appear to require a demonstration of mental capacity with respect to the victim's age. However, in interpreting similar language, this court has concluded that such indicates an application of strict liability. In *State v. Ferguson*, 10th Dist. No. 07AP–999, 2008-Ohio-6677, 2008 WL 5265893, the defendant was convicted of rape in violation of R.C. 2907.02(A)(1)(b), which prohibits a person from engaging in sexual conduct with another who is not the spouse of the offender when "[t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." As held by this court in *Ferguson*, "[t]his provision plainly indicates that strict liability applies to the age element of rape." Id. at ¶ 74, citing *State v. Haywood* (June 7, 2001), 8th Dist. No. 78276, 2001 WL 664121; *State v. Gillingham*, 2d Dist. No. 20671, 2006-Ohio-5758, 2006 WL 3095729, ¶ 91. Thus, no precise culpable state of mind with respect to the age of the victim is required. Accordingly, we do not find a difference in the statutes' mental culpability so as to render the Illinois statute at issue not substantially equivalent to R.C. 2907.05(A)(4).

{¶ 19} Based on the foregoing, we find that the Illinois statute under which appellant was convicted is substantially equivalent to the Ohio offense of GSI against a child under the age of 13 as codified in R.C. 2907.05(A)(4), and, therefore, appellant was convicted of or pleaded guilty to a sexually oriented offense in another jurisdiction such that he is subject to the registration requirements of R.C. Chapter 2950. Consequently, appellant's first assignment of error is overruled.

{¶ 20} Because they are interrelated, we will address appellant's second and third assignments of error together. By our disposition of appellant's first assigned error, we have determined that appellant is a sex offender for purposes of R.C. Chapter 2950. Regardless of this finding, it is appellant's contention that the Ohio Attorney General is without authority to reclassify him as a tiered sex offender[3] because he has never registered as a sex offender in Ohio and has already been prosecuted for failure to register.

{¶ 21} Appellant directs us to R.C. 2950.031, which provides as follows:

(A)(1) At any time on or after July 1, 2007, and not later than December 1, 2007, the attorney general shall determine for each offender or delinquent child who prior to December 1, 2007, has registered a residence, school, institution of higher education, or place of employment address pursuant to section 2950.04, 2950.041, or 2950.05 of the Revised Code the offender's or delinquent child's new classification as a tier I sex offender/child-victim offender, a tier II sex

---

3. Pursuant to R.C. 2950.01(F), appellant would be a Tier II sex offender, who must register for 25 years and periodically verify every 180 days. R.C. 2950.06(B)(2) and 2950.07(B)(2).

offender/child-victim offender, or a tier III sex offender/child-victim offender under Chapter 2950. of the Revised Code as it will exist under the changes that will be implemented on January 1, 2008, the offender's or delinquent child's duties under Chapter 2950. of the Revised Code as so changed, and, regarding a delinquent child, whether the child is a public registry-qualified juvenile offender registrant.

\* \* \*

(B) If a sheriff informs the attorney general pursuant to section 2950.043 of the Revised Code that an offender or delinquent child registered with the sheriff pursuant to section 2950.04 or 2950.041 of the Revised Code on or after December 1, 2007, that the offender or delinquent child previously had not registered under either section with that sheriff or any other sheriff, and that the offender or delinquent child was convicted of, pleaded guilty to, or was classified a juvenile offender registrant relative to the sexually oriented offense or child-victim oriented offense upon which the registration was based prior to December 1, 2007, within fourteen days after being so informed of the registration and receiving the information and material specified in division (D) of that section, the attorney general shall determine for the offender or delinquent child all of the matters specified in division (A)(1) of this section. Upon making the determinations, the attorney general immediately shall send to the offender or to the delinquent child and the delinquent child's parents a registered letter pursuant to division (A)(2) of this section that contains the information specified in that division.

{¶ 22} The trial court did not rely on subsection (A) but, rather, relied on subsection (B), which according to appellant gives the Ohio Attorney General the authority to classify offenders who (1) register on or after December 1, 2007, (2) have not previously registered, and (3) were convicted prior to December 1, 2007. Because R.C. 2950.031(B) requires the presence of all three elements and because appellant has *never* registered, he maintains that this section is inapplicable to him and that the Ohio Attorney General is without authority to reclassify him. Without being reclassified as a tiered offender, appellant contends that the state lacks authority to enforce any criminal provision of R.C. Chapter 2950 against him. In essence, it is appellant's contention that his prior failure to register, for which he has been convicted, renders him forever exempt from ever having to register in accordance with R.C. Chapter 2950.

{¶ 23} The flaw in appellant's argument, however, is that his duty to register pursuant to R.C. Chapter 2950 is not contingent upon the Ohio Attorney General first classifying him as a tiered sex offender. Rather, the duty to register requires only that the offender be convicted of or have pleaded guilty to

a sexually oriented offense. As stated in the brief of appellees Karnes and O'Brien, "[u]pon registration, he will be classified as a Tier II offender."

{¶ 24} Pursuant to former R.C. 2950.04(A)(4), offenders moving into this state on or after July 1, 1997, who had been convicted of a sexually oriented offense in another state, were required to register as a sex offender if the duty to register existed under the law of the jurisdiction in which the conviction occurred. Pursuant to former R.C. 2950.04(A)(5), if the offender completed a term of imprisonment for a sexually oriented offense after July 1, 1997, the offender was required to register upon coming to Ohio regardless of any duty to register in the other jurisdiction.

{¶ 25} S.B. 10 did nothing to abate one's duty to register. In fact, current R.C. 2950.04(A)(4) retains the requirement that out-of-state sex offenders register in Ohio, as it states:

> Regardless of when the sexually oriented offense was committed, each person who is convicted, pleads guilty, or is adjudicated a delinquent child in a court in another state, in a federal court, military court, or Indian tribal court, or in a court in any nation other than the United States for committing a sexually oriented offense shall comply with the following registration requirements if, at the time the offender or delinquent child moves to and resides in this state or temporarily is domiciled in this state for more than three days, the offender or public registry-qualified juvenile offender registrant enters this state to attend a school or institution of higher education, or the offender or public registry-qualified juvenile offender registrant is employed in this state for more than the specified period of time, the offender or delinquent child has a duty to register as a sex offender or child-victim offender under the law of that other jurisdiction as a result of the conviction, guilty plea, or adjudication.

{¶ 26} Additionally, R.C. 2950.04(H) states:

> If, immediately prior to January 1, 2008, an offender or delinquent child who was convicted of, pleaded guilty to, or was adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense as those terms were defined in section 2950.01 of the Revised Code prior to January 1, 2008, was required by division (A) of this section or section 2950.041 of the Revised Code to register and if, on or after January 1, 2008, that offense is a sexually oriented offense as that term is defined in section 2950.01 of the Revised Code on and after January 1, 2008, the duty to register that is imposed pursuant to this section on and after January 1, 2008, shall be considered, for purposes of section 2950.07 of the Revised Code and for all other purposes, to be a continuation of the duty imposed upon the offender or delinquent child

prior to January 1, 2008, under this section or section 2950.041 of the Revised Code.

{¶ 27} Similarly, R.C. 2950.07(A)(8) provides:

(A) The duty of an offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to a sexually oriented offense or a child-victim oriented offense and the duty of a delinquent child who is or has been adjudicated a delinquent child for committing a sexually oriented offense or a child-victim oriented offense and is classified a juvenile offender registrant or who is an out-of-state juvenile offender registrant to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code commences on whichever of the following dates is applicable:

* * *

(8) If the offender's or delinquent child's duty to register was imposed pursuant to section 2950.04 or 2950.041 of the Revised Code as they existed prior to January 1, 2008, the offender's or delinquent child's duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code as they exist on and after January 1, 2008, is a continuation of the offender's or delinquent child's former duty to register imposed prior to January 1, 2008, under section 2950.04 or 2950.041 of the Revised Code and shall be considered for all purposes as having commenced on the date that the offender's duty under that section commenced.

{¶ 28} There is nothing optional about registering as a sex offender in Ohio if an offender meets the criteria of R.C. Chapter 2950, which we have found appellant does. Though appellant asked the trial court for a declaration that he is not subject to reclassification under R.C. 2950.031(B), because he has not registered, such relief could not be granted because R.C. 2950.031(B) specifically gives the Ohio Attorney General the authority to reclassify appellant when he registers as he is required.

{¶ 29} Additionally, there is nothing to support appellant's argument that his conviction for failure to register pursuant to Chapter 2950 precludes his actually having to register. Under appellant's theory, a sex offender moving into Ohio would never have to register because once the offender was convicted of failing to register, the offender would be forever exempt from having to subsequently register, despite the offender's underlying conviction for a sexually oriented offense. Thus, even though the underlying sexually oriented offense may carry with it lifetime registration and verification requirements, under appellant's theory, these requirements would be a nullity simply because the offender was prosecuted for failing to initially register as a sex offender. This is not only an inaccurate reading of R.C. Chapter 2950, but such a reading fails to give effect to the intent of the legislature. As recently stated by the Supreme Court of Ohio in

*State ex rel. Cordray v. Midway Motor Sales, Inc.,* 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15:

> The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. In interpreting a statute, this court has held that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus.

{¶ 30} We find no merit to appellant's argument that because he has been convicted of attempted failure to register for allegedly failing to register from on or about April 19, 2001, to July 18, 2008, that his duty to register and to be in compliance with the law is now extinguished. Therefore, appellant's second and third assignments of error are not well taken.

{¶ 31} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

BROWN and KLATT, JJ., concur.