[Cite as *Francis v. State*, 2017-Ohio-8804.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES M. FRANCIS, III, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-A-0026** |
| STATE OF OHIO, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2015 CV 0559.

Judgment: Affirmed.

*Samuel L. Altier*, 1027 Lake Avenue, Ashtabula, OH 44004 (For Plaintiff-Appellant).

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellee).


COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, James M. Francis, III, a Tier III sex offender, appeals from the April 6, 2017 judgment of the Ashtabula County Court of Common Pleas, overruling his petition for reclassification. Finding no reversible error, we affirm.

{¶2} On October 8, 2015, appellant filed a petition for reclassification. Appellee, the state of Ohio, filed a response in opposition two months later. On October 17, 2016, the trial court ordered the parties to provide written stipulations. Pursuant to

the court's order, on November 8, 2016, the parties submitted the following list of joint stipulations:

{¶3} "1. Plaintiff-Petitioner, James Frances (sic) III, is a registered sex-offender, living in Ashtabula County, Ohio.

{¶4} "2. While previously living in Lancaster County, Pennsylvania, Plaintiff-Petitioner was charged with ten (10) different criminal offenses, in relation to a criminal act, committed on or about October of 1995.

{¶5} "3. The Lancaster District Attorney did not prosecute eight of the ten charges brought against the Plaintiff-Petitioner, and on 12/2/1998, the District Attorney accepted a plea bargain consisting of: a plea of guilty to Indecent Assault of a Person less than 13 Years of Age (a first degree misdemeanor, 1998 Pa. C. S. 18 [Section] 3126 [Section] A7), and a plea of no contest to Involuntary Deviate Sexual Intercourse with a Person less than 16 Years of Age (a first degree felony, 1998 Pa. C. S. 18 [Section] 3123 [Section] A7) (See Lancaster County Court of Common Pleas, Court Summary for James M. Francis III, Case No. CP-36-CR-0000180-1999 (Previously provided to the Court).

{¶6} "4. Plaintiff-Petitioner was sentenced to 2.5 years to 5 years, and served nearly five (5) years incarceration, beginning 4/23/2002.

{¶7} "5. Plaintiff-Petitioner was released from incarceration on 2/7/2007 (See Notice of Registration Duties of Sexually Oriented Offender or Child Victim Offender for James Merlin Frances (sic) III, issued by the Ashtabula County Sheriff's Office, dated 12/3/2014 (Previously provided to the Court)).

{¶8} "6. Because Plaintiff-Petitioner's convictions under 1998 Pa. C. S. 18 [Section] 3123 (Involuntary Deviate Sexual Intercourse with a Person less than 16 Years of Age) and 1998 Pa. C. S. 18 [Section] 3126 (Indecent Assault of a Person less than 13 Years of Age), at the time, 1998 Pa. C. S. 18 [Section] 9793 required that Plaintiff-Petitioner register as a sex offender for a period of ten years, following his release from incarceration (See 1998 Pa. C. S. 18 [Section] 9793, Exhibit C, attached).

{¶9} "7. With the amendments made to the relevant sections of Pennsylvania's statutes, following the passage of Pennsylvania's version of the federal Megan's Law (Section 14071, Title 42, U.S. Code), Plaintiff-Petitioner's registration period was converted to 'lifetime,' rather than 10 years. In *Commonwealth v. Gaffney*, 557 Pa. 327, 733 A.2d 616 (1999), the Supreme Court of Pennsylvania found that the Megan's Law amendments to the sex offender registration statutes applied retroactively.

{¶10} "8. Under Ohio law, in *State v. Williams*, 129 Ohio St.3d 344, 2011-Ohio-3374 (2011), the Ohio Supreme Court decided differently than the Pennsylvania Supreme Court, finding that under Ohio's Constitution, the retroactive application of lifetime reporting under Megan's Law, as applied to defendants who committed sex offenses prior to its enactment, violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing retroactive laws.

{¶11} "9. After his sentencing, Plaintiff-Petitioner was evaluated by the Pennsylvania Sexual Offender's Assessment Board (in accordance with 1998 Pa. C. S. 18 [Section] 9794, previously provided to the Court). The Board's decision was made in the original jurisdiction, where it presumably had access to all of the court records, evidence, and testimony related to the Plaintiff-Petitioner's case. The Board determined

3

'that the Defendant James M. Francis does not meet the criteria of a sexually violent predator.' (See Letter from Jenna R. Steinruck, Assistant District Attorney, Office of the District Attorney of Lancaster County, to The Honorable Judge Paul K. Allison, Lancaster County Courthouse, dated 12/15/2004 (Previously provided to the Court)).

{¶12} "10. With the determination of the Pennsylvania Sexual Offender's Assessment Board, the Lancaster County District Attorney chose to take no further action against Mr. Francis (See Letter from Jenna R. Steinruck, Assistant District Attorney, Office of the District Attorney of Lancaster County, to The Honorable Judge Paul K. Allison, Lancaster County Courthouse, dated 12/15/2004 (Previously provided to the Court)).

{¶13} "11. Plaintiff-Petitioner moved to Ashtabula County, Ohio in March 2013, where the Ashtabula County Sheriff's Office classified him as a 'sexual predator,' under R.C. 3123(a)1 – Involuntary Deviate Sexual Intercourse – by Forcible Compulsion (Previously provided to the Court).

{¶14} "12. The sections of Pennsylvania law to which Plaintiff-Petitioner pleaded guilty, contained no element of 'forcible compulsion.'

{¶15} "13. On October 8, 2015, Plaintiff-Petitioner filed a petition with this Court, challenging his classification as a sexual predator, and seeking reclassification and relief from the community notifications and quarterly reporting that have been imposed upon him, as a result of the classification imposed, by the Ashtabula County Sheriff's Office.

{¶16} "14. R.C. 2590.09(A) states: 'If a person is convicted of or pleads guilty to a sexually oriented offense in another state…and if, as a result of that conviction or plea

of guilty, the person is required, under the law of the jurisdiction in which the person was convicted or pleaded guilty, to register as a sex offender until the person's death and is required to verify the person's address on at least a quarterly basis each year, that conviction or plea of guilty automatically classifies the offender as a sexual predator for the purposes of this chapter…'.

{¶17} "15. As a result of Plaintiff-Petitioner's convictions and under the Pennsylvania law in effect at the time (1998 42 Pa. C. S. [Section] 9796), Plaintiff-Petitioner was required to verify his address on an annual basis, not quarterly, thus under Ohio law, Plaintiff-Petitioner cannot be automatically classified as a sexual predator.

{¶18} "16. Since his initial conviction (on 12/2/1998) and subsequent release from incarceration (on 2/7/2007), Plaintiff-Petitioner has not been charged with, or convicted of, **any** other crimes – sex related, or otherwise." (Emphasis sic.) (T.p. 16 – November 8, 2016 "List of Joint Stipulations.")

{¶19} An evidentiary hearing was held on December 21, 2016. However, neither party called any witnesses. Rather, the parties submitted for the trial court's consideration the foregoing agreed list of joint stipulations, previously filed on November 8, 2016. The court heard arguments of counsel and took the matter under advisement.

{¶20} In its April 6, 2017 judgment, the trial court concluded that some of the joint stipulations concerning applicable Ohio law are incorrect. The court noted that the parties cannot jointly make stipulations that are contrary to Ohio law, citing to *Walsh v. Bollas*, 82 Ohio App.3d 588 (11th Dist.1992). The court determined that R.C. 2950.09 does not apply in determining appellant's registration requirements. Although R.C.

5

2950.09(F) was cited by the parties in their joint stipulations and briefs, the court pointed out that R.C. 2950.09 was repealed as of January 1, 2008. The court found that appellant is subject to the laws of Ohio at the time he moved to and resided in Ohio, and thus, was required to register as a Tier III sex offender pursuant to R.C. 2950.04(A)(4). The court held that appellant failed to prove by clear and convincing evidence that his sexually oriented offense conviction from Pennsylvania is not substantially equivalent to an offense in Ohio requiring classification as a Tier III sex offender under Ohio law. Therefore, the court overruled appellant's petition for reclassification, credit for previous registration, and relief from the community notification provisions and dismissed the matter.

{¶21} Appellant filed a timely appeal and asserts the following assignment of error:

{¶22} "The Trial Court's Judgment overruling Plaintiff-Appellant's Petition for Re-Classification with credit for previous registration, and relief from community notification provisions was contrary to law."

{¶23} Appellant raises two issues:

{¶24} "[First Issue] Is Involuntary Deviate Sexual Intercourse with a person less than 16 years of age in violation of 1998 Pa. C.S. 18 [Section] 3123 substantially similar to Sexually Oriented Offenses as defined under ORC 2950.01(A) of the Ohio Revised Code so as to require registration[.]

{¶25} "[Second Issue] Was Plaintiff-Appellant's Classification as a Tier III sex offender appropriate when his out-of-state conviction is not substantially equivalent to the offenses listed in ORC 2950.01(G)."

{¶26} In his sole assignment of error, appellant argues that the trial court's judgment overruling his petition for reclassification was contrary to law. We disagree.

{¶27} Regarding appellant's first issue, we find that involuntary deviate sexual intercourse with a person less than 16 years of age in violation of 1998 Pa. C.S. 18 Section 3123 is substantially equivalent to sexually oriented offenses under Ohio Revised Code 2950.01(A) so as to require registration.

{¶28} "R.C. Chapter 2950 imposes a duty to register on a person who was convicted of or pleaded guilty to a sexually oriented offense in another jurisdiction if that person has a duty to register as a sex offender under the law of the other jurisdiction. R.C. 2950.04(A)(4). Pursuant to R.C. 2950.01(A)[(12)], a sexually oriented offense includes offenses committed in other jurisdictions that are 'substantially equivalent to any offense listed in division (A)(1), (2), (3), (4), (5), (6), (7), (8), (9), * * * (10) [or (11)]' of R.C. 2950.01." *Miller v. Cordray*, 184 Ohio App.3d 754, 2009-Ohio-3617, ¶11 (10th Dist.)

{¶29} R.C. 2950.01 states in part:

{¶30} "(A) 'Sexually oriented offense' means any of the following violations or offenses committed by a person, regardless of the person's age:

{¶31} "(1) A violation of section 2907.02 [Rape], 2907.03 [Sexual battery] * * *."

{¶32} While living in Pennsylvania, appellant was convicted of involuntary deviate sexual intercourse pursuant to 1998 Pa. C.S. 18 Section 3123(a)(7), and was required to register as a sex offender. That statute states:

{¶33} "(a) Offense defined. - -A person commits a felony of the first degree when the person engages in deviate sexual intercourse with a complainant:

7

**{¶34}** "* * *

**{¶35}** "(7) who is less than 16 years of age and the person is four or more years older than the complainant and the complainant and person are not married to each other."

**{¶36}** Appellant later moved to Ohio. The foregoing Pennsylvania offense is substantially equivalent to the Ohio Revised Code 2950.01(A)(1) sexually oriented offenses of rape and sexual battery, thereby classifying appellant a Tier III sex offender.

**{¶37}** R.C. 2907.02, "Rape," states in part:

**{¶38}** "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

**{¶39}** "(a) For the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception.

**{¶40}** "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

**{¶41}** "(c) The other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age.

8

**{¶42}** "(2) No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

**{¶43}** In addition, R.C. 2907.03, "Sexual battery," provides in part:

**{¶44}** "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

**{¶45}** "(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

**{¶46}** "(2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired.

**{¶47}** "(3) The offender knows that the other person submits because the other person is unaware that the act is being committed.

**{¶48}** "(4) The offender knows that the other person submits because the other person mistakenly identifies the offender as the other person's spouse.

**{¶49}** "(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."

**{¶50}** Although not identical, the foregoing Ohio statutes are substantially equivalent to appellant's Pennsylvania offense. "By the phrase's plain and ordinary meaning, 'substantial equivalence' does not contemplate identical or even strict equivalence and presumes potential differences." *Miller, supra,* at ¶15; *see also Core v. State*, 191 Ohio App.3d 651, 2010-Ohio-6292, ¶13 (10th Dist.) Therefore, appellant's sexually oriented offense conviction in another jurisdiction subjects him to the registration requirements of R.C. Chapter 2950. *Miller* at ¶19.

**{¶51}** Appellant's first issue is without merit.

{¶52} Regarding appellant's second issue, we find his classification as a Tier III sex offender appropriate as his out-of-state conviction was substantially equivalent to the offenses listed in Ohio Revised Code 2950.01(G).

{¶53} R.C. 2950.01(G) states in part:

{¶54} "(G) 'Tier III sex offender/child-victim offender' means any of the following:

{¶55} "(1) A sex offender who is convicted of, pleads guilty to, has been convicted of, or has pleaded guilty to any of the following sexually oriented offenses:

{¶56} "(a) A violation of section 2907.02 [Rape] or 2907.03 [Sexual battery] of the Revised Code[.]"

{¶57} As addressed in appellant's first issue, his Pennsylvania conviction was substantially equivalent to R.C. 2907.02 and 2907.03.

{¶58} Appellant's second issue is without merit.

{¶59} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

10