**[Cite as *State ex rel. Cordray v. Midway Motor Sales, Inc.,* 122 Ohio St.3d 234, 2009-Ohio-2610.]**

THE STATE EX REL. CORDRAY, APPELLEE, *v.* MIDWAY MOTOR SALES, INC. ET
AL.; GENERAL MOTORS ACCEPTANCE CORPORATION, APPELLANT.

**[Cite as *State ex rel. Cordray v. Midway Motor Sales, Inc.,***
**122 Ohio St.3d 234, 2009-Ohio-2610.]**

*Motor vehicle sales — R.C. 4505.06(C)(1) — Certificates of title — Odometer*
*disclosures — R.C. 4549.46(A) does not impose strict criminal liability —*
*Previous-owner exception.*

(No. 2008-1451 — Submitted April 7, 2009 — Decided June 10, 2009.)

APPEAL from the Court of Appeals for Franklin County,

No. 07AP-744, 2008-Ohio-2799.

_____

### SYLLABUS OF THE COURT

1.  R.C. 4549.46(A) incorporates the odometer disclosure requirements set forth
    in R.C. 4505.06 and is not a strict-liability statute. Liability can be
    imposed only if it is established that the defendant knowingly violated the
    statute.

2.  The previous-owner exception found in R.C. 4549.46(A) applies to a transferor
    regardless of when a previous owner tampered with the odometer.

_____

**O'CONNOR, J.**

**{¶ 1}** This appeal involves the construction of R.C. 4549.46(A).
Appellant, General Motors Acceptance Corporation (n.k.a. GMAC, LLC), asserts
that R.C. 4549.46(A) is a not a strict-liability statute, because strict liability
cannot be reconciled with the mandatory odometer disclosure affidavit
promulgated pursuant to statute by the registrar of motor vehicles, which requires
a knowledge-based certification of the odometer reading. Appellant alternatively

argues that even if R.C. 4549.46(A) is held to be a strict-liability statute, the previous-owner exception in R.C. 4549.46(A) does not contain a temporal requirement and is therefore available to GMAC.

{¶ 2} Conversely, appellee, Richard Cordray, attorney general of Ohio,[1] contends that R.C. 4549.46(A) plainly indicates a purpose to impose strict liability. Appellee further maintains that the previous-owner exception applies only when the tampering party owned the vehicle at the time it tampered with the odometer.

{¶ 3} We hold that R.C. 4549.46(A) incorporates the odometer disclosure requirements set forth in R.C. 4505.06 and is not a strict-liability statute. Liability can be imposed only if it is established that the defendant knowingly violated the statute. We further hold that the previous-owner exception found in R.C. 4549.46(A) applies to a transferor regardless of when a previous owner tampered with the odometer.

{¶ 4} We therefore reverse the judgment of the court of appeals and remand this matter to the trial court for further proceedings consistent with this court's opinion.

## Relevant Background

{¶ 5} Midway Motor Sales, Inc. purchased vehicles from General Motors Corporation for sale or lease at its dealership.[2] General Motors issued the manufacturer's certificate of origin in Midway's name, thereby making Midway the owner of the vehicles. Midway leased a fleet of these vehicles to Modern Building Supply, Inc. under lease agreements with specified mileage limits, which were typically 30,000 miles.

---

1. This suit was filed by former Attorney General Jim Petro, and the appeal to this court named Attorney General Nancy Rogers as appellee before she was succeeded by Attorney General Richard Cordray.

2. Midway was a codefendant in this action but subsequently filed for bankruptcy. Midway is not a party to this appeal.

**{¶ 6}** GMAC is a financial institution that extends wholesale floor-plan financing to automobile dealers such as Midway. Pursuant to its agreement with GMAC, Midway thereafter assigned the Modern Building Supply lease agreements and sold the leased vehicles to GMAC. GMAC never had possession of the vehicles.

**{¶ 7}** Unbeknownst to GMAC, Midway and Modern Building Supply had entered into secret lease arrangements allowing Modern Building Supply significantly greater mileage limits than specified in the lease agreements assigned to GMAC. As a result, the leased vehicles had mileage in excess of the 30,000-mile limit at the end of the lease periods. In an apparent effort to conceal the excess mileage from GMAC, Midway retrieved the leased vehicles at the end of the lease periods and altered the odometers on the vehicles.

**{¶ 8}** Without knowing that the odometers had been tampered with, GMAC sold the vehicles at dealer-only auctions. In order to transfer ownership of each car, GMAC was required to complete an odometer disclosure affidavit to certify the amount of mileage on the vehicle. GMAC completed the required odometer disclosure affidavits for the vehicles by using the mileage amounts disclosed on the lessee's written odometer disclosure statements. GMAC relied upon the accuracy of the lessee's disclosure statements and had no knowledge that the odometers had been altered.

**{¶ 9}** After many of the leased vehicles had been sold at auction, GMAC discovered that Midway had tampered with the odometers. GMAC reported this information to the attorney general. GMAC complied with the attorney general's requests for information and assisted in the investigation into Midway's conduct. GMAC also implemented a remediation plan and compensated the owners of the affected vehicles by either buying each vehicle back or paying a monetary adjustment for the mileage discrepancy.

**{¶ 10}** The attorney general commenced this lawsuit in the Franklin County Court of Common Pleas against Midway and GMAC pursuant to the authority vested in him by the Consumer Sales Practices Act, R.C. Chapter 1345, and the Odometer and Rollback Disclosure Act, R.C. 4549.41 et seq. The attorney general asserted several claims against both Midway and GMAC. Pertinent to the instant appeal, the attorney general alleged that GMAC had violated R.C. 4549.46 by failing to provide the true odometer disclosures required by R.C. 4505.06. GMAC denied the allegations and filed a counterclaim alleging abuse of process and seeking a declaratory judgment regarding the rights and obligations of GMAC and the attorney general under R.C. 4549.46.

**{¶ 11}** The attorney general moved for summary judgment against GMAC with regard to his allegation that GMAC had violated R.C. 4549.46. The trial court granted the attorney general's motion for partial summary judgment. The trial court held that R.C. 4549.46 is a strict-liability statute and that GMAC's lack of knowledge of the odometer tampering was therefore irrelevant. The trial court further held that the previous-owner exception relieves a transferor from strict liability only if the tampering occurred before the transferor's ownership.

**{¶ 12}** GMAC appealed to the Tenth District Court of Appeals, and the court affirmed the trial court's judgment. *State ex rel. Rogers v. Midway Motor Sales, Inc.*, 10th Dist. No. 07AP-744, 2008-Ohio-2799. Relying on its own precedent and that from various Ohio appellate courts holding that R.C. 4549.46 is a strict-liability statute, the court rejected GMAC's arguments to the contrary. Id. at ¶ 17. The court further noted that if its interpretation of R.C. 4549.46 as a strict-liability statute was misguided, the resolution rested with this court or the legislature. Id. With regard to the previous-owner exception in R.C. 4549.46, the Tenth District adopted the trial court's holding that the exception is triggered only when the odometer tampering occurred before the transferor's ownership of the vehicle. Id. at ¶ 23–29.

**{¶ 13}** The case is now before us on our acceptance of a discretionary appeal. *State ex rel. Rogers v. Midway Motor Sales, Inc.*, 119 Ohio St.3d 1485, 2008-Ohio-5273, 894 N.E.2d 1243.

### Analysis

#### A. Construction of R.C. 4549.46(A)

**{¶ 14}** Initially, we are called upon to decide whether R.C. 4549.46(A) is a strict-liability statute. The attorney general and the lower courts rely on *Flint v. Ohio Bell Tel. Co.* (1982), 2 Ohio App.3d 136, 2 OBR 150, 440 N.E.2d 1244, and its progeny for the proposition that R.C. 4549.46 is a strict-liability statute. The *Flint* court did not consider the issue presented herein, namely, whether R.C. 4549.46(A) incorporates the knowledge element in the odometer disclosure affidavit that is prescribed by the registrar in accordance with R.C. 4505.06(C)(1). We hold that it does and thus distinguish *Flint*.

**{¶ 15}** The primary goal in construing a statute is to ascertain and give effect to the intent of the legislature. *State v. Hairston,* 101 Ohio St.3d 308, 2004-Ohio-969, 804 N.E.2d 471, ¶ 11. In interpreting a statute, this court has held that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver* (1902), 66 Ohio St. 621, 64 N.E. 574, paragraph two of the syllabus.

**{¶ 16}** We find that the language of R.C. 4549.46(A) is plain and unambiguous. R.C. 4549.46(A) governs Ohio odometer violations and provides as follows: "No transferor shall fail to provide the true and complete odometer disclosures required by section 4505.06 of the Revised Code." R.C. 4549.46(A) clearly incorporates R.C. 4505.06 in that it requires a transferor to make the odometer disclosure required by R.C. 4505.06. Our focus therefore shifts to what type of odometer disclosure is required by R.C. 4505.06.

{¶ 17} R.C. 4505.06(C)(1) contains the following directive to the registrar: "The registrar shall prescribe an affidavit in which the transferor shall swear to the true selling price and, except as provided in this division, the true odometer reading of the motor vehicle."

{¶ 18} The affidavit prescribed by the registrar contains the following language:

{¶ 19} "I (we) certify to the best of my (our) knowledge that the odometer now reads □□□,□□□ miles and is the actual mileage of the vehicle unless one of the following statements is checked.

{¶ 20} "□ The mileage stated is in excess of the mechanical limits.

{¶ 21} "□ The odometer reading is not the actual mileage."

{¶ 22} Thus, the affidavit calls for a knowledge-based certification of the odometer reading. The affidavit is printed on the back of the certificate of title and is the only means available for disclosing an odometer reading. A transferor is required to use the registrar's affidavit.

{¶ 23} The odometer disclosure affidavit was created in accordance with the statutory authority bestowed upon the registrar by R.C. 4505.06. An administrative regulation issued pursuant to statutory authority has the force and effect of law. *State ex rel. Cuyahoga Cty. Hosp. v. Bur. of Workers' Comp.* (1986), 27 Ohio St.3d 25, 28, 27 OBR 442, 500 N.E.2d 1370. Conversely, a regulation is invalid if it is not authorized: an administrative rule cannot add or subtract from a legislative enactment. See, e.g., *Hoffman v. State Med. Bd.*, 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, ¶ 17. The registrar did not promulgate a rule that adds to or subtracts from the Odometer Rollback and Disclosure Act. Rather, a legislative enactment empowered the registrar to prescribe the odometer disclosure affidavit. The affidavit therefore has the force and effect of law.

**{¶ 24}** The affidavit complies with the statutory directive. At no time since the inception of the affidavit has the General Assembly repudiated the affidavit by enacting legislation directing the removal of the knowledge element from the form. It is not the judiciary's province to nullify the statutorily prescribed affidavit. Therefore, we hold that the affidavit created by the registrar has the force and effect of law and is an extension of R.C. 4505.06 that is explicitly incorporated in R.C. 4549.46(A).

**{¶ 25}** The odometer disclosure affidavit authorized by R.C. 4505.06 relates to and is incorporated into R.C. 4549.46(A). Because we are faced with two related statutory provisions, R.C. 4549.46(A) and 4505.06 must be read in pari materia. *Maxfield v. Brooks* (1924), 110 Ohio St. 566, 144 N.E. 725, paragraph two of the syllabus. In reading statutes in pari materia and construing them together, this court must give a reasonable construction that provides the proper effect to each statute. Id. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable. *Couts v. Rose* (1950), 152 Ohio St. 458, 461, 40 O.O.482, 90 N.E.2d 139.

**{¶ 26}** In construing R.C. 4549.46(A) and the registrar's affidavit promulgated pursuant to R.C. 4505.06(C)(1), we find that the harmonious construction of the provisions is that the legislature intended for transferors to be liable only for knowing violations of the odometer disclosure statute. Any other reading of the two statutes cannot be reconciled. In fact, if we were to read the statutes any other way, the odometer disclosure affidavit would be rendered meaningless.

**{¶ 27}** We therefore hold that the plain language of R.C. 4549.46(A), through its incorporation of R.C. 4505.06, clearly indicates a purpose to impose liability only for knowing violations of R.C. 4549.46(A). Because the meaning of the statute is evident from the plain language of R.C. 4549.46(A), it is

unnecessary to resort to other means of interpretation such as legislative history, public policy, or other provisions of the Odometer Rollback and Disclosure Act.

{¶ 28} This result is consistent with this court's precedent analyzing whether a criminal statute imposes strict liability. The General Assembly established the test for determining strict criminal liability in R.C. 2901.21(B).[3] That statute provides: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense."

{¶ 29} In determining whether a statute imposes strict liability, this court holds: "It is not enough that the General Assembly in fact intended imposition of liability without proof of mental culpability. Rather the General Assembly must plainly indicate that intention in the language of the statute." *State v. Collins* (2000), 89 Ohio St.3d 524, 530, 733 N.E.2d 1118.

{¶ 30} As set forth above, R.C. 4549.46(A) specifies the degree of mental culpability by virtue of the affidavit prescribed by the registrar pursuant to R.C. 4505.06(C)(1). Therefore, there is no absence of a mental state to indicate strict liability because the mental state of a knowing odometer disclosure is incorporated into the statute by the statutorily required affidavit.

{¶ 31} For the reasons stated above, we hold that R.C. 4549.46(A) is not a strict-liability statute and that liability can be imposed only for a knowing odometer disclosure violation.[4]

*B. Previous-Owner Exception to Liability Under R.C. 4549.46(A)*

---

3. Although the attorney general has pursued only civil liability against GMAC in this case, a violation of R.C. 4549.46 is a felony of the fourth degree. R.C. 4549.46(D). Thus, the test for strict criminal liability is applicable here.

4. Based upon our holding that R.C. 4549.46(A) is not a strict-liability statute, it is unnecessary to address GMAC's proposition relating to entrapment.

**{¶ 32}** The next issue for our consideration is whether the previous-owner defense in R.C. 4549.46(A) is available regardless of whether the previous owner was the owner of the vehicle at the time the odometer tampering occurred. We find that it is.

**{¶ 33}** An exception to liability under R.C. 4549.46 is set forth in the second sentence of subsection (A) of the statute, which states the following:

**{¶ 34}** "The transferor of a motor vehicle is not in violation of this division requiring a true odometer reading if the odometer reading is incorrect due to a previous owner's violation of any of the provisions contained in sections 4549.42 to 4549.46 of the Revised Code, unless the transferor knows of or recklessly disregards facts indicating the violation."

**{¶ 35}** The Tenth District admittedly disregarded the plain and ordinary meaning of this exception to liability. *State ex rel. Rogers v. Midway Motor Sales, Inc.*, 10th Dist. No. 07AP-744, 2008-Ohio-2799, ¶ 26. The appellate court essentially rewrote the statute based upon its view that the legislature could not have intended the result that a transferor is absolved of liability when a prior owner altered an odometer, but not where a third party altered an odometer, even though in either scenario the act took place during the transferor's ownership. Id. We disagree.

**{¶ 36}** As noted above, the rule is that "the intent of the law-makers is to be sought first of all in the language employed, and if the words be free from ambiguity and doubt, and express plainly, clearly and distinctly, the sense of the law-making body, there is no occasion to resort to other means of interpretation." *Slingluff v. Weaver*, 66 Ohio St. 621, 64 N.E. 574, at paragraph two of the syllabus. The language employed in the previous-owner exception is plain and unambiguous. There is no temporal requirement for a transferor to qualify for the previous-owner exception. Such a requirement plainly does not exist in the statute. Therefore, there is no occasion for the court to resort to other means of

interpretation. This court would invade the province of the legislature and violate separation of powers if it rewrote the statute to include a requirement that the previous owner be the owner of the vehicle at the time of the odometer tampering. See *Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 21. This court will not engage in such a practice and leaves it to the General Assembly to rewrite the statute if it deems it necessary.

{¶ 37} We therefore hold that the previous-owner exception found in R.C. 4549.46(A) applies to a transferor regardless of when a previous owner tampered with the odometer.

**Conclusion**

{¶ 38} For the foregoing reasons, we hold that R.C. 4549.46(A) incorporates the odometer disclosure requirements set forth in R.C. 4505.06 and is not a strict-liability statute. Liability can be imposed only if it is established that the defendant knowingly violated the statute.

{¶ 39} We further hold that the previous-owner exception found in R.C. 4549.46(A) applies to a transferor regardless of when a previous owner tampered with the odometer.

{¶ 40} Accordingly, we reverse the judgment of the court of appeals and remand this matter to the trial court for further proceedings consistent with this court's opinion.

Judgment reversed

and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, and David M. Dembinski and Teresa A. Heffernan, Assistant Attorneys General, for appellee.

Carpenter, Lipps & Leland, L.L.P., Michael H. Carpenter, Jeffrey A. Lipps, and Angela M. Paul Whitfield, for appellant.

Dreher Tomkies Scheiderer, L.L.P., Darrell L. Dreher, and Vanessa A. Nelson, urging reversal for amici curiae American Financial Services Association and Association of Consumer Vehicle Lessors, National Automobile Dealers Association, and Ohio Automobile Dealers Association.

_____