THE STATE OF OHIO, APPELLANT, *v.* PARIAG, APPELLEE.

[Cite as *State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010.]

*Criminal law—R.C. 2953.61—Sealing of records—A trial court is precluded,*
*pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if*
*the dismissed charge arises "as the result of or in connection with the*
*same act" that supports a conviction, when the records of the conviction*
*are not sealable under R.C. 2953.36, regardless of whether the charges*
*are filed under separate case numbers.*

(No. 2012-0819—Submitted April 9, 2013—Decided September 19, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-569.

_____

SYLLABUS OF THE COURT

A trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a
dismissed charge if the dismissed charge arises "as the result of or in
connection with the same act" that supports a conviction when the records
of the conviction are not sealable under R.C. 2953.36, regardless of
whether the charges are filed under separate case numbers.

_____

LANZINGER, J.

{¶ 1} We are asked to determine whether records of a dismissed charge
may be sealed if the offense arises from or is in connection with the same act that
led to a conviction on an unsealable charge. The Tenth District Court of Appeals
affirmed the trial court's decision to seal the record of the dismissed charges in
this case. Because we conclude that the Tenth District Court of Appeals erred in

its analysis, we reverse its judgment and remand this case to the trial court for further proceedings.

## I. Introduction

*Background Facts*

{¶ 2} Appellee, Marlon Pariag, was stopped by the Ohio State Highway Patrol on December 31, 2010. He was charged with a traffic offense and also with possession of drugs of abuse, in violation of R.C. 2925.11(C)(3), a minor misdemeanor, and possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a fourth-degree misdemeanor. The traffic offense and the criminal drug charges were assigned separate case numbers as required by Sup.R. 37(A)(4)(c) and 43(B)(2). Both cases were filed in Franklin County Municipal Court. The traffic charge was filed in case No. 2011 TRD 100861, while the drug charges were filed in case No. 2011 CRB 239. The drug charges were dismissed when Pariag entered a plea in the traffic case.

{¶ 3} On March 10, 2011, Pariag applied to seal the records pertaining to the drug charges that had been dismissed. The state objected and argued that because the record of a traffic conviction could not be sealed under R.C. 2953.36, the record of the companion case—the drug charges—could not be sealed. According to the state, because the drug-related charges arose from the same incident as the traffic conviction, R.C. 2953.61 permanently precluded Pariag from applying for the sealing of the dismissed drug charges.

{¶ 4} The trial court ordered the records of the dismissed drug charges sealed, concluding that the conviction in the traffic case did not prevent the sealing of the records in the criminal case involving the dismissed drug offenses.

{¶ 5} A divided panel of the Tenth District Court of Appeals held that R.C. 2953.61 addresses only the timing of an application to seal a record, not the applicant's eligibility to have those records sealed. 10th Dist. Franklin No. 11AP-569, ¶ 2. The court of appeals distinguished Pariag's case from other cases in which applicants were prevented from sealing their convictions by emphasizing

that Pariag's dismissed drug charges and traffic conviction were filed under separate case numbers. *Id*. at ¶ 14. The court of appeals held that R.C. 2953.61 does not prohibit courts from sealing records of dismissed charges in one case when the record of conviction in another case may not be sealed, even if the charges arose out of the same act, because the statute governs merely the timing of the application to seal. *Id.* at ¶ 21.

*Issues Presented*

{¶ 6} We accepted the state's discretionary appeal. 132 Ohio St.3d 1513, 2012-Ohio-4021, 974 N.E.2d 111. In the first proposition of law, the state argues that under R.C. 2953.61, the record of dismissed charges cannot be sealed when the charges arise out of the same set of facts as a charge filed in a separate case that resulted in an unsealable conviction. In the second proposition of law, the state argues that R.C. 2953.61 does not address the timing of an application to seal, but instead prevents partial sealing of a record.

{¶ 7} We now hold that a trial court is precluded, pursuant to R.C. 2953.61, from sealing the record of a dismissed charge if the dismissed charge arises "as a result of or in connection with the same act" that supports a conviction when the records are not sealable under R.C. 2953.36, regardless of whether the dismissed charge and conviction are filed under separate case numbers.

{¶ 8} We therefore reverse the judgment of the Tenth District Court of Appeals and remand this case to the trial court to determine whether the dismissed drug charges arose as the result of or in connection with the same act that led to Pariag's driving-under-suspension offense.

## II. Law and Analysis

*Standard of Review*

{¶ 9} Because the propositions involve the interpretation of a statute, which is a question of law, we review the court of appeals' judgment de novo.

*Med. Mut. of Ohio v. Schlotterer,* 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13.

{¶ 10} When construing a statute, a court's objective is to determine and give effect to the legislative intent. *State ex rel. Solomon v. Police & Firemen's Disability & Pension Fund Bd. of Trustees,* 72 Ohio St.3d 62, 65, 647 N.E.2d 486 (1995). To determine legislative intent, a court must first consider the words used in a statute. *State v. Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 10. When a statute's language is clear and unambiguous, a court must apply it as written. *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.,* 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23. Further construction is required only when a statute is unclear and ambiguous. *State v. Chappell,* 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16.

*The Privilege of Sealing a Record*

{¶ 11} In this case, the words "expungement" and "sealing" have been interchanged. "Expungement" is a legislative construct with no universally applied definition. Although the word "expungement" was used in R.C. 2953.32, Ohio's first-time-offender statute, "expungement" was described as a court-ordered "seal[ing]" of official records and "delet[ing]" of index references pertaining to a criminal conviction. Am.Sub.S.B. No. 5, 135 Ohio Laws, Part I, 70, 70-71. In 1979, the General Assembly amended R.C. 2953.32, changing the word "expungement" to "sealing," Am.Sub.H.B. No. 105, 138 Ohio Laws, Part I, 1638; however, "expungement" remains a common colloquialism used[1] to describe the process. *Pepper Pike v. Doe*, 66 Ohio St.2d 374, 378, 421 N.E.2d

---

1. The term "expungement" continues to appear in R.C. 2151.358 relating to juveniles and, in contrast to "sealing" means that no record exists. R.C. 2151.358(F) ("the person who is the subject of the expunged records properly may, and the court shall, reply that no record exists with respect to the person upon any inquiry in the matter").

1303 (1981) (referring to R.C. 2953.32 as "Ohio's criminal expungement statute"); *State v. LaSalle*, 96 Ohio St.3d 178, 2002-Ohio-4009, 772 N.E.2d 1172, ¶ 3, fn. 2.

{¶ 12} Expungement of a criminal record is an "act of grace created by the state." *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). It should be granted only when all requirements for eligibility are met, because it is a "privilege, not a right." *State v. Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 6. R.C. 2953.32 et seq. set out the limits of the trial court's jurisdiction to grant a request to seal the record of convictions or charges that have been dismissed.

*Statutory application*

{¶ 13} Because Pariag did not seek to seal the record of a conviction, R.C. 2953.52(A)(1), which applies when charges did not result in a conviction, applies. It stated:

> Any person who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal his official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court of the journal, whichever entry comes first.

Former R.C. 2953.52(A)(1), Am.Sub.H.B. No. 17, 149 Ohio Laws, Part IV, 8186, 8192.

{¶ 14} R.C. 2953.52 allows for application to seal the records of a dismissed complaint, indictment, or information "at any time" after dismissal; however, the statute expressly states that this timeframe is subject to the

mandatory waiting period in R.C. 2953.61, which governs the sealing of records in multiple charges with differing dispositions.

{¶ 15} R.C. 2953.61 states:

> When a person is charged with two or more offenses *as a result of or in connection with the same act* and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed * * *.

(Emphasis added.)

{¶ 16} The statute applies when a person is charged with multiple offenses that arise "as a result of or in connection with the same act." Although the Tenth District Court of Appeals held that R.C. 2953.61 was unclear with respect to the meaning of the phrase "the same act" and the state misreads these words to mean *a conviction,* we do not agree that the statute is ambiguous. The "same act" plainly refers to the "same conduct."

{¶ 17} The Tenth District also held that R.C. 2953.61 merely governs the time for applying to seal a record. But a person cannot apply to have the record of a charge sealed until the records of all the charges can be sealed, and the charge must be one for which the record can be sealed. R.C. 2953.61 states, "[T]he person may not apply * * * in any of the cases until such time as he would be able to apply * * * and have all of the records in all of the cases pertaining to those charges sealed." In other words, when multiple offenses have different dispositions, an application to seal a record may be filed only when the applicant is able to apply to have the records of all the offenses sealed. Thus, if the record of one charge cannot be sealed, any charges filed as a result of or in connection

with the act that resulted in the unsealable charge cannot be sealed. Because R.C. 2953.61 refers to "all of the records in all of the cases," our holding is not affected by the fact that the different charges were assigned different case numbers.

*Relevance of* State v. Futrall

{¶ 18} We have already determined that an applicant with multiple convictions in one case may not partially seal his or her record pursuant to R.C. 2953.32 when one of the convictions is statutorily exempt from being sealed under R.C. 2953.36. *Futrall,* 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, ¶ 21. In *Futrall*, multiple charges were filed in a single case, but we determined that R.C. 2953.61 did not apply. We did, however, recognize the inherent difficulty of partially sealing records. *Id.* at ¶ 20.

{¶ 19} Pariag's charges in two separate cases resulted in different dispositions—one conviction and two dismissals—and thus R.C. 2953.61 is applicable. But because the trial court did not determine whether the charges all arose as a result of or in connection with the same act, it is not clear whether his traffic conviction prevents him from applying to seal the record of the drug charges. Under R.C. 2953.36(B), a traffic conviction cannot be sealed.

{¶ 20} Pariag is ineligible to have the records of the dismissed drug charges that otherwise would be sealable under R.C. 2953.52(A) and 2953.61 sealed if all charges arose as the result of or in connection with the same act. R.C. 2953.61 thus focuses not on when separate offenses occurred, but on whether they arose from the same conduct of the applicant. Upon remand, the trial court must decide whether the dismissed drug charges stemmed from the same act as Pariag's traffic violation. If the court finds that the same conduct generated both charges, the conviction for the unsealable traffic offense will prevent records from the otherwise sealable dismissed drug charges from being sealed.

### III.  Conclusion

**{¶ 21}** R.C. 2953.61 is unambiguous.  A trial court is precluded from sealing the record of a dismissed charge pursuant to R.C. 2953.61 if the dismissed charge arises "as the result of or in connection with the same act" that supports a conviction that is exempt from sealing under R.C. 2953.36, regardless of whether the charges are filed under separate case numbers.

**{¶ 22}** Pariag filed an application to seal the records of his drug charges that were dismissed in Franklin County Municipal Court case No. 2011 CRB 239.  The trial court, on remand, must determine whether those charges arose "as the result of or in connection with the same act" as his traffic conviction in case No. 2011 TRD 100861.

**{¶ 23}** Accordingly, the judgment of the appellate court is reversed, and the cause is remanded to the trial court.

Judgment reversed<br>and cause remanded.

O'CONNOR, C.J., and KENNEDY and FRENCH, JJ., concur.

PFEIFER, O'DONNELL, and O'NEILL, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

**{¶ 24}** There were three charges in the underlying cases.  One, a traffic offense, is not sealable.  One of the reasons traffic offenses are not sealable is that they do not materially affect a person's life.  The other charges, which were dismissed, were possession of drugs and drug paraphernalia and those charges are sealable.  That makes sense.  Drug offenses can materially affect a person's life, and the General Assembly allows them to be sealed.  Today this court determines that a material offense that was dismissed and that is ordinarily sealable cannot be sealed because an immaterial traffic offense cannot be sealed.  That doesn't make sense.

{¶ 25} This case does not merit the attention of this court. We should never have accepted jurisdiction, and we should now dismiss the case as having been improvidently allowed. Barring that, we ought to affirm the not unreasonable judgment of the court of appeals. I dissent.

_____

**O'DONNELL, J., dissenting.**

{¶ 26} Respectfully, I dissent.

{¶ 27} The issue in this case is whether R.C. 2953.61, which is referred to in R.C. 2953.52, precludes a trial court from sealing the record of dismissed drug charges that arose from the same traffic stop that resulted in a conviction for driving under suspension, a statutorily unsealable traffic offense. My analysis of this case differs from the majority in three respects: determining legislative intent, analyzing the elements of the crimes at issue, and interpreting R.C. 2953.36.

{¶ 28} The role of the judiciary is to interpret statutes and to determine the intent of the General Assembly in passing legislation. The intent of the General Assembly in enacting R.C. 2953.52 and 2953.61 was to address the time to file an application to seal records of dismissed criminal charges. In addition, the elements of the offense of driving under suspension differ from and are independent of the drug charges, which were dismissed, and therefore, the drug charges are not "a result of or in connection with the same act" as required by R.C. 2953.61. Hence, a pivotal requirement of R.C. 2953.61 cannot be established in this case. And finally, a plain reading of R.C. 2953.36 reveals that it does not preclude the sealing of records relating to dismissed charges, because it only precludes the sealing of records of certain convictions. Here, the drug charges did not result in convictions. For these reasons, I would affirm the judgment of the court of appeals, and therefore I dissent from the decision of the majority to reverse its judgment in this case.

**Timing Statutes**

**{¶ 29}** Pursuant to R.C. 2953.52(A)(1), those charged with but not convicted of a crime may apply to have records relating to those charges sealed. This provision also specifically addresses the time when such applications may be filed. It provides:

> Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person's official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.

**{¶ 30}** Also at issue in this case is R.C. 2953.61, which provides:

> When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases *until such time* as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.

(Emphasis added.)

**{¶ 31}** The role of the judiciary is to interpret legislation, and "[t]he primary goal in construing a statute is to ascertain and give effect to the intent of the legislature." *State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15. To determine the General Assembly's intent, "the court first looks to the language in the statute and the purpose to be accomplished." *State v. S.R.*, 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 (1992), citing *Henry v. Cent. Natl. Bank*, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph one of the syllabus. "Where the meaning of the statute is clear and definite, it must be applied as written," but "where the words are ambiguous and are subject to varying interpretations, further interpretation is necessary." *State v. Chappell,* 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16, citing *Bailey v. Republic Engineered Steels, Inc.*, 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001).

**{¶ 32}** Moreover, when two statutes relate to the same subject, such as R.C. 2953.52(A)(1) and 2953.61, they should be read in pari materia. *See generally State ex rel. Gains v. Rossi*, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999). "In reading statutes in pari materia and construing them together, this court must give a reasonable construction that provides the proper effect to each statute. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable." (Citations omitted.) *State ex rel. Cordray* at ¶ 25.

**{¶ 33}** Reading R.C. 2953.52(A)(1) and 2953.61 in pari materia reveals that the legislature intended to dictate the *time* when an application to seal records could be filed. They do not preclude the sealing of records. R.C. 2953.52(A)(1) specifically provides that "any person" may apply to the court for an order to seal the records relating to a dismissed charge and refers to R.C. 2953.61 in specifying the time for filing an application to seal the records pertaining to the dismissed charge. The language "until such time" contained in R.C. 2953.61 also indicates

that R.C. 2953.61 pertains to the waiting period required before applying to seal rather than the eligibility to have records sealed.

{¶ 34} The title of Am.Sub.H.B. No. 175, 142 Ohio Laws, Part II, 2554, the bill amending R.C. 2953.52 and codifying R.C. 2953.61, further clarifies the intent of the General Assembly in enacting this legislation: "*to require a longer waiting period* before sealing the records of a person who has multiple charges brought as a result of a single act if the charges have different dispositions." (Emphasis added.) *See also* Legislative Service Commission Bill Analysis of Sub.H.B. No. 175 (describing operation of R.C. 2953.61 as an extension of the waiting period). Notably, the title contains no language suggesting any intent to preclude the sealing of records of dismissed charges associated with convictions that cannot be sealed.

{¶ 35} Moreover, since R.C. 2953.51 et seq. are remedial in nature, they "must be liberally construed to promote their purposes." *State ex rel. Gains*, 86 Ohio St.3d at 622, 716 N.E.2d 204, citing R.C. 1.11 and *Barker v. State*, 62 Ohio St.2d 35, 42, 402 N.E.2d 550 (1980). We have previously explained that "R.C. 2953.51 et seq. was enacted to protect the privacy of those found not guilty of a criminal offense." *S.R.*, 63 Ohio St.3d at 595, 589 N.E.2d 1319, citing *State v. Grove*, 29 Ohio App.3d 318, 320, 505 N.E.2d 297 (1986). Construing an analogous statute, the Court of Appeals of New York recognized that the purpose of the statute was to ensure that

> one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions.

*In re Hynes v. Karassik*, 47 N.Y.2d 659, 662, 419 N.Y.S.2d 942, 393 N.E.2d 1015 (1979).

{¶ 36} Interpreting R.C. 2953.61 to preclude the sealing of records of dismissed criminal charges because they are associated with an unsealable conviction contravenes the intent of R.C. 2953.52, which is to protect the privacy of persons who had been charged with an offense but were successful in having those charges dismissed and to guard against the harmful and stigmatizing effects associated with arrest records. *See generally S.R.* at 595 and *Hynes* at 662.

{¶ 37} Moreover, in this case, R.C. 2953.61 does not preclude the sealing of the two dismissed drug charges, because they were not the result of nor were they committed in connection with the act of driving under a suspended license. Rather, the acts of possession of marihuana and possession of drug paraphernalia are separate from and independent of the offense of driving under a suspended license. The offenses may have been committed simultaneously, but R.C. 2953.61 requires that the offenses be "a result of or in connection with the same act." Here, they are not. This case is distinguishable from other circumstances in which two offenses are part of the same conduct. For example, the offenses of reckless operation or operating a motor vehicle without the owner's consent could arise out of and in connection with a charge of driving under suspension, because it is the act of operating the motor vehicle that *results in* the commission of the other offense.

{¶ 38} A comparison of the elements of the offenses charged in this case demonstrates that operating a motor vehicle is a necessary element for a conviction of driving under suspension, but is totally unrelated to the elements for a conviction of possession of drugs or drug paraphernalia. In order to establish the offense of driving under suspension as defined in R.C. 4510.11(A), the state must prove that a person whose license has been suspended operated a motor vehicle during the period of suspension. In contrast, in order to establish the

crime of possession of marihuana, a person must "knowingly obtain, possess, or use" marihuana. R.C. 2925.11(A) and (C)(3). Similarly, to establish possession of drug paraphernalia, a person must "knowingly use, or possess with purpose to use, drug paraphernalia." R.C 2925.14(C)(1). Because operating a motor vehicle is a different act from possessing an item, these offenses arise out of different acts and are not the result of the same conduct, nor are they committed in connection with the same act. Therefore, R.C. 2953.61 does not preclude a court from sealing these dismissed drug charges.

## Convictions Precluding Sealing

{¶ 39} R.C. 2953.36 provides: "Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: * * * (B) *Convictions* under * * * Chapter 4510. * * * of the Revised Code * * *" (emphasis added) (addressing sealing of records of convictions). By enacting R.C. 2953.36, the General Assembly created various exceptions to the sealing of some records of convictions, such as those involving mandatory prison terms and, notably, convictions arising under R.C. 4510—which includes convictions for driving under suspension. The exceptions to the ability to seal a record pursuant to this code section all relate to criminal *convictions*, and there is no statutory reference to, or exclusion for, the sealing of a record of a *dismissed charge* that does not result in a conviction. Had the legislature intended to preclude the sealing of a dismissed charge related to a traffic offense, it could have done so, but it chose not to include dismissed charges in the exceptions cataloged in R.C. 2953.36.

{¶ 40} The majority relies on *State v. Futrall*, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, in support of its holding. *Futrall*, however, is factually distinguishable from this case because it did not consider *dismissed* charges. In *Futrall*, we addressed whether a court could partially seal the records of an applicant with multiple *convictions* in one case when one of the convictions was statutorily exempt from sealing pursuant to R.C. 2953.36. *Id.* at ¶ 15. In contrast, this case involves a nonsealable traffic-offense conviction and two

14

charges that did not result in convictions but rather were dismissed. Thus, our holding in *Futrall* does not control the outcome of this case.

## Conclusion

{¶ 41} The legislature provided that persons charged with but not convicted of offenses may apply to the court for an order to seal the record of dismissed charges, and it specifically set forth the time when such applications could be filed.

{¶ 42} In addition, it specified that when a person is charged with two or more offenses as a result of or in connection with the same act and different dispositions result, an application may be filed to seal the dismissed charges. In this case, however, that factual predicate has not been met, because the act of possessing the marihuana and possessing the drug paraphernalia did not result from the act of driving under suspension nor did it occur in connection with that conduct.

{¶ 43} Finally, because R.C. 2953.36 relates only to precluding the sealing of records of offenses that result in convictions and does not refer to dismissed charges, this provision does not preclude the sealing of records relating to dismissed charges.

{¶ 44} Accordingly, I would affirm the judgment of the appellate court.

O'NEILL, J., concurs in the foregoing opinion.

_____

Richard C. Pfeiffer Jr., Columbus City Attorney, Lara N. Baker-Moorish, City Prosecuting Attorney, and Melanie R. Tobias, Assistant City Prosecuting Attorney, for appellant.

_____