*87 O’Donnell, J.,
dissenting. _
{¶ 26} Respectfully, I dissent.
{¶ 27} The issue in this case is whether R.C. 2953.61, which is referred to in R.C. 2953.52, precludes a trial court from sealing the record of dismissed drug charges that arose from the same traffic stop that resulted in a conviction for driving under suspension, a statutorily unsealable traffic offense. My analysis of this case differs from the majority’s in three respects: determining legislative intent, analyzing the elements of the crimes at issue, and interpreting R.C. 2953.36.
{¶ 28} The role of the judiciary is to interpret statutes and to determine the intent of the General Assembly in passing legislation. The intent of the General Assembly in enacting R.C. 2953.52 and 2953.61 was to address the time to file an application to seal records of dismissed criminal charges. In addition, the elements of the offense of driving under suspension differ from and are independent of the drug charges, which were dismissed, and therefore, the drug charges are not “a result of or in connection with the same act” as required by R.C. 2953.61. Hence, a pivotal requirement of R.C. 2953.61 cannot be established in this case. And finally, a plain reading of R.C. 2953.36 reveals that it does not preclude the sealing of records relating to dismissed charges, because it only precludes the sealing of records of certain convictions. Here, the drug charges did not result in convictions. For these reasons, I would affirm the judgment of the court of appeals, and therefore I dissent from the decision of the majority to reverse its judgment in this case.
Timing Statutes
{¶ 29} Pursuant to R.C. 2953.52(A)(1), those charged with but not convicted of a crime may apply to have records relating to those charges sealed. This provision also specifically addresses the time when such applications may be filed. It provides:
Any person, who is found not guilty of an offense by a jury or a court or who is the defendant named in a dismissed complaint, indictment, or information, may apply to the court for an order to seal the person’s official records in the case. Except as provided in section 2953.61 of the Revised Code, the application may be filed at any time after the finding of not guilty or the dismissal of the complaint, indictment, or information is entered upon the minutes of the court or the journal, whichever entry occurs first.
{¶ 30} Also at issue in this case is R.C. 2953.61, which provides:
*88 When a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code.
(Emphasis added.)
{¶ 31} The role of the judiciary is to interpret legislation, and “[t]he primary goal in construing a statute is to ascertain and give effect to the intent of the legislature.” State ex rel. Cordray v. Midway Motor Sales, Inc., 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15. To determine the General Assembly’s intent, “the court first looks to the language in the statute and the purpose to be accomplished.” State v. S.R., 63 Ohio St.3d 590, 595, 589 N.E.2d 1319 (1992), citing Henry v. Cent. Natl. Bank, 16 Ohio St.2d 16, 242 N.E.2d 342 (1968), paragraph one of the syllabus. “Where the meaning of the statute is clear and definite, it must be applied as written,” but “where the words are ambiguous and are subject to varying interpretations, further interpretation is necessary.” State v. Chappell, 127 Ohio St.3d 376, 2010-Ohio-5991, 939 N.E.2d 1234, ¶ 16, citing Bailey v. Republic Engineered Steels, Inc., 91 Ohio St.3d 38, 40, 741 N.E.2d 121 (2001).
{¶ 32} Moreover, when two statutes relate to the same subject, such as R.C. 2953.52(A)(1) and 2953.61, they should be read in pari materia. See generally State ex rel. Gains v. Rossi, 86 Ohio St.3d 620, 622, 716 N.E.2d 204 (1999). “In reading statutes in pari materia and construing them together, this court must give a reasonable construction that provides the proper effect to each statute. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously unless they are irreconcilable.” (Citations omitted.) State ex rel. Cordray at ¶ 25.
{¶ 33} Reading R.C. 2953.52(A)(1) and 2953.61 in pari materia reveals that the legislature intended to dictate the time when an application to seal records could be filed. They do not preclude the sealing of records. R.C. 2953.52(A)(1) specifically provides that “any person” may apply to the court for an order to seal the records relating to a dismissed charge and refers to R.C. 2953.61 in specifying the time for filing an application to seal the records pertaining to the dismissed charge. The language “until such time” contained in R.C. 2953.61 also indicates that R.C. 2953.61 pertains to the waiting period required before applying to seal rather than the eligibility to have records sealed.
*89 {¶ 34} The title of Am.Sub.H.B. No. 175, 142 Ohio Laws, Part II, 2554, the bill amending R.C. 2953.52 and codifying R.C. 2953.61, further clarifies the intent of the General Assembly in enacting this legislation: “to require a longer waiting period before sealing the records of a person who has multiple charges brought as a result of a single act if the charges have different dispositions.” (Emphasis added.) See also Legislative Service Commission Bill Analysis of Sub.H.B. No. 175 (describing operation of R.C. 2953.61 as an extension of the waiting period). Notably, the title contains no language suggesting any intent to preclude the sealing of records of dismissed charges associated with convictions that cannot be sealed.
{¶ 35} Moreover, since R.C. 2953.51 et seq. are remedial in nature, they “must be liberally construed to promote their purposes.” State ex rel. Gains, 86 Ohio St.3d at 622, 716 N.E.2d 204, citing R.C. 1.11 and Barker v. State, 62 Ohio St.2d 35, 42, 402 N.E.2d 550 (1980). We have previously explained that “R.C. 2953.51 et seq. was enacted to protect the privacy of those found not guilty of a criminal offense.” S.R., 63 Ohio St.3d at 595, 589 N.E.2d 1319, citing State v. Grove, 29 Ohio App.3d 318, 320, 505 N.E.2d 297 (1986). Construing an analogous statute, the Court of Appeals of New York recognized that the purpose of the statute was to ensure that
one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. That detriment to one’s reputation and employment prospects often flows from merely having been subjected to criminal process has long been . recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions.
In re Hynes v. Karassik, 47 N.Y.2d 659, 662, 419 N.Y.S.2d 942, 393 N.E.2d 1015 (1979).
{¶ 36} Interpreting R.C. 2953.61 to preclude the sealing of records of dismissed criminal charges because they are associated with an unsealable conviction contravenes the intent of R.C. 2953.52, which is to protect the privacy of persons who had been charged with an offense but were successful in having those charges dismissed and to guard against the harmful and stigmatizing effects associated with arrest records. See generally S.R. at 595 and Hynes at 662.
{¶ 37} Moreover, in this case, R.C. 2953.61 does not preclude the sealing of the two dismissed drug charges, because they were not the result of nor were they committed in connection with the act of driving under a suspended license. Rather, the acts of possession of marihuana and possession of drug paraphernalia *90 are separate from and independent of the offense of driving under a suspended license. The offenses may have been committed simultaneously, but R.C. 2953.61 requires that the offenses be “a result of or in connection with the same act.” Here, they are not. This case is distinguishable from other circumstances in which two offenses are part of the same conduct. For example, the offenses of reckless operation or operating a motor vehicle without the owner’s consent could arise out of and in connection with a charge of driving under suspension, because it is the act of operating the motor vehicle that results in the commission of the other offense.
{¶ 38} A comparison of the elements of the offenses charged in this case demonstrates that operating a motor vehicle is a necessary element for a conviction of driving under suspension, but is totally unrelated to the elements for a conviction of possession of drugs or drug paraphernalia. In order to establish the offense of driving under suspension as defined in R.C. 4510.11(A), the state must prove that a person whose license has been suspended operated a motor vehicle during the period of suspension. In contrast, in order to establish the crime of possession of marihuana, a person must “knowingly obtain, possess, or use” marihuana. R.C. 2925.11(A) and (C)(3). Similarly, to establish possession of drug paraphernalia, a person must “knowingly use, or possess with purpose to use, drug paraphernalia.” R.C. 2925.14(C)(1). Because operating a motor vehicle is a different act from possessing an item, these offenses arise out of different acts and are not the result of the same conduct, nor are they committed in connection with the same act. Therefore, R.C. 2953.61 does not preclude a court from sealing these dismissed drug charges.
Convictions Precluding Sealing
{¶ 39} R.C. 2953.36 provides: “Sections 2953.31 to 2953.35 of the Revised Code do not apply to any of the following: * * * (B) Convictions under * * * Chapter 4510. * * * of the Revised Code * * * ” (emphasis added) (addressing sealing of records of convictions). By enacting R.C. 2953.36, the General Assembly created various exceptions to the sealing of some records of convictions, such as those involving mandatory prison terms and, notably, convictions arising under R.C. 4510 — which includes convictions for driving under suspension. The exceptions to the ability to seal a record pursuant to this code section all relate to criminal convictions, and there is no statutory reference to, or exclusion for, the sealing of a record of a dismissed charge that does not result in a conviction. Had the legislature intended to preclude the sealing of a dismissed charge related to a traffic offense, it could have done so, but it chose not to include dismissed charges in the exceptions cataloged in R.C. 2953.36.
{¶ 40} The majority relies on State v. Futrall, 123 Ohio St.3d 498, 2009-Ohio-5590, 918 N.E.2d 497, in support of its holding. Futrall, however, is factually *91 distinguishable from this case because it did not consider dismissed charges. In Futrall, we addressed whether a court could partially seal the records of an applicant with multiple convictions in one case when one of the convictions was statutorily exempt from sealing pursuant to R.C. 2953.36. Id. at ¶ 15. In contrast, this case involves a nonsealable traffic-offense conviction and two charges that did not result in convictions but rather were dismissed. Thus, our holding in Futrall does not control the outcome of this case.
Richard C. Pfeiffer Jr., Columbus City Attorney, Lara N. Baker-Moorish, City Prosecuting Attorney, and Melanie R. Tobias, Assistant City Prosecuting Attorney, for appellant.
Conclusion
{¶ 41} The legislature provided that persons charged with but not convicted of offenses may apply to the court for an order to seal the record of dismissed charges, and it specifically set forth the time when such applications could be filed.
{¶ 42} In addition, it specified that when a person is charged with two or more offenses as a result of or in connection with the same act and different dispositions result, an application may be filed to seal the dismissed charges. In this case, however, that factual predicate has not been met, because the act of possessing the marihuana and possessing the drug paraphernalia did not result from the act of driving under suspension nor did it occur in connection with that conduct.
{¶ 43} Finally, because R.C. 2953.36 relates only to precluding the sealing of records of offenses that result in convictions and does not refer to dismissed charges, this provision does not preclude the sealing of records relating to dismissed charges.
{¶ 44} Accordingly, I would affirm the judgment of the appellate court.
O’Neill, J., concurs in the foregoing opinion.