**[Cite as *State v. G.W.*, 2020-Ohio-4831.]**

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                               :

      Plaintiff-Appellee,          :

      v.                                      :

G.W.,                                              :

      Defendant-Appellant.       :

No. 109098

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** October 8, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-06-485866-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Noelle A. Powell, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, G.W., appeals the denial of her application to seal the official record of her convictions. She claims the following error:

> The trial court erred when it based its denial of G.W.'s expungement on the mistaken belief that she was ineligible for an expungement.

We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court to determine whether it is in the public interest to seal G.W.'s record.

## I. Facts and Procedural History

{¶ 2} In 2007, G.W. was charged, by way of information, with 14 counts of tampering with records, three counts of forgery, one count of grand theft, and one count of theft. She pleaded guilty to two counts of tampering with records and two counts of forgery as alleged in Counts 1 through 4 of the information. The remaining counts were nolled, and the court sentenced G.W. to 18 months in prison.

{¶ 3} In April 2019, G.W. filed an application to seal the official record of her convictions. The state opposed the application, arguing that G.W. was not an eligible offender under R.C. 2953.31(A)(1) because she had multiple convictions from acts committed on different dates. The state argued that because G.W. committed the offenses on two different days, they could not be treated as a single felony conviction for purposes of sealing a record of conviction.

{¶ 4} The trial court held a hearing on G.W.'s application to seal her criminal record. G.W.'s lawyer argued that the "plain language of the statute necessitates that [G.W.'s convictions] be considered one conviction at the discretion of the Court so long as the Court finds that it is within the public policy to go ahead and consider the one conviction." (Tr. 6.) Counsel further asserted that G.W. was entitled to have her record sealed because her convictions consisted of two acts, committed as a

continuing course of conduct, within a three-month period of time and, therefore, should be treated as one conviction under the statute.

{¶ 5} The trial court found that although G.W. had been rehabilitated and would not commit any crimes in the future, she was not an "eligible offender." (Tr. 12.) The court, therefore, denied the application to seal G.W.'s criminal record. G.W. now appeals the trial court's judgment.

## II. Law and Analysis

{¶ 6} In the sole assignment of error, G.W. argues the trial court erred in denying the application to seal her record. She contends the trial court erroneously concluded that she was not an eligible offender as defined by R.C. 2953.31(A)(1).

{¶ 7} The sealing of criminal records in Ohio involves a two-step process. The court must first determine whether the applicant is an "eligible offender" as defined by R.C. 2953.31(A)(1). If the court finds the applicant is an eligible offender, it must then employ its discretion in weighing a number of substantive considerations in favor or against the sealing of the applicant's record. R.C. 2953.32(C). As relevant here, R.C. 2953.32(C)(1) states, in relevant part:

The court shall do each of the following:

(a) Determine whether the applicant is an eligible offender * * *. If the applicant applies as an eligible offender pursuant to division (A)(1) of this section and has two or three convictions that result from the same indictment, information, or complaint, from the same plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, in making its determination under this division, the court initially shall determine whether it is not in the public interest for the two or three

convictions to be counted as one conviction. If the court determines that it is not in the public interest for the two or three convictions to be counted as one conviction, the court shall determine that the applicant is not an eligible offender; if the court does not make that determination, the court shall determine that the offender is an eligible offender.

(b) Determine whether criminal proceedings are pending against the applicant;

(c) If the applicant is an eligible offender who applies pursuant to division (A)(1) of this section, determine whether the applicant has been rehabilitated to the satisfaction of the court;

(d) If the prosecutor has filed an objection in accordance with division (B) of this section, consider the reasons against granting the application specified by the prosecutor in the objection;

(e) Weigh the interests of the applicant in having the records pertaining to the applicant's conviction or bail forfeiture sealed against the legitimate needs, if any, of the government to maintain those records.

If the trial court finds the applicant is an eligible offender and further finds that the other statutory factors support sealing the applicants record of conviction, the trial court "shall order all official records of the case that pertain to the conviction * * * sealed." R.C. 2953.32(C)(2).

{¶ 8} The appellate court reviews the court's decision regarding whether to seal an eligible offender's record for an abuse of discretion. *State v. Paige*, 10th Dist. Franklin No. 15AP-510, 2015-Ohio-4876, ¶ 5. However, the question as to whether an applicant is an "eligible offender" for purposes of sealing the applicant's record is a question of law that we review de novo. *State v. A.L.M.*, 10th Dist. Franklin No. 16AP-722, 2017-Ohio-2772, ¶ 9, citing *State v. Tauch*, 10th Dist. Franklin No. 13AP-327, 2013-Ohio-5796, ¶ 7.

**{¶ 9}** The sole issue in this case requires us to determine whether G.W. is an "eligible offender" for purposes of sealing an official record of conviction. The primary goal of statutory construction is to ascertain and give effect to the legislature's intent. *State ex rel. Cordray v. Midway Motor Sales, Inc.*, 122 Ohio St.3d 234, 2009-Ohio-2610, 910 N.E.2d 432, ¶ 15. Where the terms of a statute are clear and unambiguous, the terms should be given their plain and ordinary meaning. *M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.*, 2014-Ohio-2537, 14 N.E.3d 1054, ¶49 (8th Dist.). If a legislative definition of a term or phrase is available, we construe the words of the statute according to the statutory definition. R.C. 1.42. If a word or phrase is not defined in a statute, we apply its plain, ordinary meaning. *Id.*; *see also State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 26.

**{¶ 10}** R.C. 2953.31(A)(1)(a) and (b) define the term "eligible offender." G.W. concedes that she is not an eligible offender under R.C. 2953.31(A)(1)(a) because she has third-degree felony convictions. We must, therefore, determine whether she qualifies as an "eligible offender" under R.C. 2953.31(A)(1)(b), which defines the term "eligible offender," in relevant part, as

> [a]nyone who has been convicted of an offense in this state or any other jurisdiction, to whom division (A)(1)(a) of this section does not apply, and who has not more than one felony conviction, not more than two misdemeanor convictions, or not more than one felony conviction and one misdemeanor conviction in this state or any other jurisdiction. When two or more convictions result from or are connected with the same act or result from offenses committed at the same time, they shall be counted as one conviction. When two or three convictions result from the same indictment, information, or complaint, from the same

plea of guilty, or from the same official proceeding, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they shall be counted as one conviction, provided that a court may decide as provided in division (C)(1)(a) of section 2953.32 of the Revised Code that it is not in the public interest for the two or three convictions to be counted as one conviction.

{¶ 11} The language contained in R.C. 2953.31(A)(1)(b) is clear and unambiguous. The statute plainly states that when two or three convictions result from the same indictment, information, or complaint as well as the same plea hearing, and result from related criminal acts that were committed within a three-month period but do not result from the same act or from offenses committed at the same time, they must be counted as one conviction unless the court finds, under R.C. 2953.32(C)(1)(a), that it is not in the public interest to treat the two or three convictions as one conviction. R.C. 2953.31(A)(1)(b).

{¶ 12} G.W. pleaded guilty to four offenses: two counts of forgery and two counts of tampering with records. These charges alleged that G.W. committed one act of tampering with records and one act of forgery on November 8, 2003, and one act of tampering with records and one act of forgery on December 29, 2003. The parties agree that G.W.'s convictions for acts committed on November 8, 2003, should be considered as one conviction and that her convictions for acts committed on December 29, 2003, should be considered as one conviction.

{¶ 13} G.W. contends the trial court should have treated her convictions as a single conviction under R.C. 2953.31(A)(1)(b) because they were related offenses committed as a common course of conduct within a three-month period. The state,

on the other hand, argues that, under the plain language of the statute, the two sets of convictions must be treated separately as two distinct convictions instead of one because they were committed on different days.

{¶ 14} However, all four of G.W.'s convictions resulted from guilty pleas entered during a single plea hearing, and all the charges were alleged in the same information. The convictions also resulted from criminal acts committed within a three-month period and involved the same conduct; forgery and tampering with records. Indeed, the information alleged that, in both instances, G.W. was engaged in forging car titles. Therefore, under the plain and unambiguous language of the statute, "they shall be counted as one conviction" unless the court determines, pursuant to R.C. 2953.32(C), that it is not in the public interest for the two convictions to be counted as one conviction. R.C. 2953.32(C)(1)(a).

{¶ 15} The trial court erred in determining that G.W. was not an eligible offender under the legal definition provided in R.C. 2953.31(A)(1)(b). It, therefore, never reached the question as to whether or not it was in the public interest for G.W.'s convictions to be counted as one conviction.

{¶ 16} The sole assignment of error is sustained.

{¶ 17} The trial court's judgment is reversed, and the case is remanded to the trial court to determine whether or not it is in the public interest for G.W.'s convictions to be counted as one conviction.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE  JUDGE

EILEEN A. GALLAGHER, J., and
RAYMOND C. HEADEN, J., CONCUR